UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DERRICK GRIFFIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:07cv1331 (MRK) |
| | : | |
| MATTHEW CARL, MICHAEL HANNAFORD, MICHAEL POLIQUIN, GLENN STAVOL, | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

In this case, *pro se* Plaintiff Derrick Griffin seeks money damages for injuries he allegedly suffered as the result of a warrantless search of his hotel room at the Holiday Inn Express in East Windsor, Connecticut. Defendants Matthew Carl, Michael Hannaford, Michael Poliquin, and Glenn Stavol are Officers in the East Windsor Police Department. Mr. Griffin – who is currently serving multiple prison sentences in Florida for grand theft, petit theft, and forgery – filed his Complaint [doc. # 1-2] in the Connecticut Superior Court on August 2, 2007. Defendants removed this action to this Court on September 4, 2007. *See* Notice of Removal [doc. # 1].

Pending before the Court is Defendants' Renewed Motion for Summary Judgment [doc. # 82]. In support of their motion, Defendants argue that there is no factual dispute about the circumstances surrounding their warrantless entry into and search of Mr. Griffin's hotel room, and that based on the undisputed factual circumstances, the Court should conclude as a matter of law that Defendants' warrantless entry into and search of the hotel room was objectively reasonable. For the reasons set forth below, Defendants' Renewed Motion for Summary Judgment [doc. # 82] is GRANTED.

1

**I.**

The Court assumes the parties' familiarity with the facts of this case and sets forth only those facts that are necessary for resolution of the pending motion. On April 27, 2006, Mr. Griffin checked into the Holiday Inn in East Windsor. On April 30, 2007, while he was still checked into the hotel, he called the hotel from Massachusetts. Mr. Griffin informed front desk clerk Tina Zanks that he had been hospitalized, but that he wanted to continue to rent his room at the hotel. Mr. Griffin claims that he told Ms. Zanks that he did not want housekeeping to enter the room because he did not want any of his "stuff in danger of being removed." Defendants, on the other hand, claim that Mr. Griffin warned Ms. Zanks that housekeeping should not enter the room because there was "dangerous stuff" inside.

Defendants have maintained throughout this action that they entered Mr. Griffin's hotel room without a warrant only to perform a cursory search for any "dangerous stuff" inside the room. Defendants' filed a previous Motion for Summary Judgment [doc. # 48] to that effect on August 10, 2009. Although the Court granted Defendants' motion with respect to former Defendant East Windsor Police Department, the Court denied it with regard to the remaining Defendants. *See* Order [doc. # 62] dated December 22, 2009. The Court reasoned that Defendants' warrantless entry might have been objectively reasonable if Defendants' account was true. However, because Defendants had been unable to locate any hotel employee able to corroborate their account, the Court concluded that whether Defendants' account was true or not true ultimately came down to a credibility determination that was properly left for a jury.

In a Joint Status Report [doc. # 72] submitted to the Court on May 4, 2010, Defendants informed the Court that they had located an additional witness to corroborate their account. The newly discovered witness, Robert Riddell, was one of the East Windsor Holiday Inn's interim

General Managers at the time of the incident. Mr. Riddell was the person who first decided to call the police and also the person who told Defendants about Mr. Griffin's telephone conversation with Ms. Zanks. Defendants represented in the Joint Status Report that they had been unable to locate Mr. Riddell earlier because he moved to Missouri soon after the incident. On May 7, 2010, the Court granted Defendants' request for an opportunity to renew their motion based on Mr. Riddell's testimony. *See* Order [doc. # 73].

In support of their Renewed Motion for Summary Judgment [doc. # 82], Defendants submitted an affidavit from Mr. Riddell describing the incident. *See* Ex. E to Def.'s Renewed Mot. for Summary J. [doc. # 82-3]. On May 1, 2006, Keri Kane – the other interim General Manager – told Mr. Riddell about the previous night's phone call from Mr. Griffin. As Mr. Riddell understood it, Mr. Griffin had told Ms. Zanks that there was "dangerous stuff" inside of the room. Mr. Riddell immediately went to the room with hotel maintenance personnel, entered the room, and noticed that the in-room safe was open and contained several large stacks of travelers' checks. He also noticed that the room contained a number of computer components and "bags of high end merchandise." Mr. Riddell instructed Ms. Kane to call the police.

When Defendants arrived, Mr. Riddell informed them that Mr. Griffin had told hotel staff that there was "dangerous stuff" inside the room. He also told Defendants that he had entered the room himself before calling Defendants. He reported that he had not seen anything dangerous inside the room, but that he had encountered a number of items that he thought were "highly suspicious." With Mr. Riddell's permission, Defendants entered the room without a warrant and performed a cursory search. Although Defendants did not see anything dangerous, they saw the same items that Mr. Riddell had seen when he entered the room. Defendants left the room after performing the search. Later in the day, Defendants obtained a warrant and

3

returned to seize evidence from the room.  The evidence Defendants seized from the room eventually led to Mr. Griffin's conviction on charges of forgery and larceny.

## II.

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted).  "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986), and the Court must resolve all ambiguities and draw all inferences in favor of the nonmoving party, *see Anderson*, 477 U.S. at 255; *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).  If the moving party carries its burden, the party opposing summary judgment "may not rely merely on allegations or denials."  Fed. R. Civ. P. 56(e)(2).  Rather, the opposing party must "set out specific facts showing a genuine issue for trial."  *Id.*  In short, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50

(citations omitted). Finally, Mr. Griffin's pro se status requires the Court to read his pleadings "liberally and interpret them to raise the strongest arguments that they suggest." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (citation omitted). The application of this modified standard, however, "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Id.* (quotation marks omitted).

### III.

The key factual issue that precluded the Court from granting Defendants' Motion for Summary Judgment [doc. # 48] nearly a year ago is no longer in dispute. The Court must assume the truth of Mr. Griffin's assertion that he never reported that there was "dangerous stuff" in his hotel room. But Mr. Griffin has not introduced any evidence to calls into doubt Mr. Riddell's account of what happened on the day in question. Mr. Riddell told Defendants that Mr. Griffin had called the night before and reported that there was "dangerous stuff" in the room. Whether Mr. Griffin had reported that to Ms. Zanks is irrelevant; what matters is what Mr. Riddell told the police ,and there is no dispute about that. Mr. Riddell also told Defendants that he had entered the room and seen a number of suspicious – but not necessarily dangerous – items. Defendants entered the hotel room without first obtaining a warrant, and observed the same items that Mr. Riddell observed in plain view. They then left and obtained a search warrant before returning to seizing the items.

The sole question, then, is whether Defendants' warrantless entry into and search of Mr. Griffin's hotel room was reasonable under the undisputed factual circumstances. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject to only a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted).

5

One such specifically established and well-delineated exception to the Fourth Amendment's warrant requirement is known as the exigent circumstances exception. *See Mincey v. Arizona*, 437 U.S. 385, 393-94 (1987). The exigent circumstances exception is based on the Supreme Court's common-sense recognition that "the exigencies of [a] situation [may] make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable." *Id.* at 393-94.

The Second Circuit recently summarized the standard for determining whether exigent circumstances justify a warrantless search in *United States v. Klump*, 536 F.3d 113 (2d Cir. 2008):

> The test to determine whether exigent circumstances exist "is an objective one that turns on . . . the totality of the circumstances confronting law enforcement agents in the particular case." The core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer to believe that there was an "urgent need to render aid or take action." "A burning building clearly presents an exigency of sufficient proportions to render a warrantless entry 'reasonable.'"
>
> The presence of exigent circumstances, of course, does not give government officials unfettered license to conduct a generalized search for evidence of criminal activity. Rather, the warrantless search "must be strictly circumscribed by the exigencies which justify its initiation." Where officials enter private property to fight a fire, therefore, the scope of the warrantless search is limited to that reasonably necessary to extinguish the blaze, determine the cause and origin of a fire, and ensure against rekindling. However, any contraband or other evidence of a crime seen in plain view during such a circumscribed search may be used to establish probable cause to obtain a warrant to conduct a broader search.

*Id.* at 117-18 (citations omitted). Whether exigent circumstances justified a warrantless entry – and whether a warrantless search was properly circumscribed by the exigencies – are generally fact-specific inquires. *See id.* at 117 (quoting *United States v. MacDonald*, 916 F.2d 766, 769 (2d Cir. 1990) (en banc)). Nevertheless, a district court may find as a matter of law that exigent circumstances justified a warrantless search if, based on undisputed facts, no reasonable jury

6

could find other than that exigent circumstances existed sufficient to justify the warrantless search. *See Anthony v. City of New York*, 339 F.3d 129, 135-37 (2d Cir. 2003).

But for two complicating details, the Court would have very little difficult concluding that Defendants' initial warrantless entry was justified by exigent circumstances. This case does not involve any exigency so extreme as a burning building, *see Michigan v. Tyler*, 436 U.S. 499, 509 (1978), but the circumstances as known to Defendants – a phone call from a hotel guest asking the hotel staff to stay out of his room for their own safety – nonetheless constituted an emergency situation. Such a situation presents an emergency regardless of whether the hotel guest vaguely refers to "dangerous stuff" or specifies his room is filled with guns and explosives. If Defendants had entered Mr. Griffin's room without a warrant immediately after the call and before the hotel staff had investigated the situation themselves, there court be little no doubt that a reasonable, experienced officer would have believed that there was an urgent need to take action in order to ensure the safety of the hotel staff and guests.

Two complicating details give the Court some pause. First, the hotel received Mr. Griffin's phone call on the night of April 30, 2006, and the warrantless entry at issue here did not take place until the morning of May 1, 2006. Defendants therefore knew at the time they entered the hotel room that several hours had passed since the phone call without any danger becoming apparent. Second, Defendants knew that Mr. Riddell entered Mr. Griffin's room before they arrived without either encountering danger or observing anything that they thought might be dangerous. The question, then, is whether a reasonable, experienced officer who would have believed that there was an urgent need for action if he had been on the scene the night before would have concluded because of either the passage of time or the hotel staff's prior safe entry into the room – or both – that the need for urgent action had passed.

7

Despite those two complicating details, the Court nevertheless concludes that no reasonable jury could find other than that under the circumstances known to Defendants at the time of their entry into the hotel room, a reasonable, experienced officer would have believed that there was an urgent need to take action in order to ensure the safety of the hotel staff and guests.  *See Anthony*, 339 F.3d at 136-37.  Defendants were told that Mr. Griffin had called from another State warning about "dangerous stuff" inside his hotel room, but they did not know the nature of the danger.  There was thus no basis for them to know whether or how quickly the danger was likely to dissipate, and the Court believes that a reasonable, experienced officer on the scene would therefore have believed that there was still an urgent need for action. The Court also believes that a reasonable, experienced officer would still have believed that there was an urgent need for action even though the hotel staff had been able to enter the room safely and had not noticed anything dangerous.  There is no evidence to indicate that any member of the hotel staff had experience in identifying hazardous materials, and there is no evidence to indicate that the hotel staff's search of the room was sufficient to establish that there was no danger present. The Court believes that a reasonable, experienced, and prudent officer would have believed there was an urgent need to conduct his own cursory search for dangerous materials and would not simply have relied on the hotel staff's search.

Finally, the Court has no difficulty in concluding that the scope of Defendants' warrantless search was properly circumscribed based on the exigencies.  There is no evidence other than that the search was a brief one, conducted for the limited purpose of determining whether there was anything dangerous or threatening present in the room.  Defendants observed evidence of criminal conduct in plain view.  Defendants properly used the evidence they observed in plain view to establish probable cause to obtain a warrant to conduct a broader

8

search upon their return. *See Klump*, 536 F.3d at 118. The Court therefore finds as a matter of law that Defendants' actions were fully consistent with the Fourth Amendment and that Defendants are entitled to judgment.

## IV.

In sum, the Court concludes that there is no longer any genuine of material fact in this case, and that Defendants are entitled to judgment as a matter of law. Defendants' warrantless entry into and cursory search of Mr. Griffin's hotel room were objectively reasonable based on the existence of exigent circumstances, and the Court therefore need not reach Defendants' alternative argument regarding qualified immunity. Defendants' Renewed Motion for Summary Judgment [doc. # 82] is GRANTED.  **The Clerk is directed to enter judgment for Defendants and close this file.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
         United States District Judge

**Dated at New Haven, Connecticut: September 27, 2010.**